PAWTUCKET MACHINERY AND SUPPLY CORPORATION *vs.* HOWARD E. MONROE, *T. T. et al.*

JULY 11, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is a bill in equity to enjoin the town of Barrington from selling the chattels and fixtures on land which it bought from Frank Tavares and wife in March,

1946.  After a hearing in the superior court on bill, answer and proof, a decree was entered dismissing the bill.  The cause is here upon complainant's appeal from this decree.

The sole question before us concerns the meaning of a stipulation in the deed from the complainant to the Tavares, the town's grantors.  The following facts are undisputed. For well over a century the premises in question had been used for the manufacture of bricks.  By 1940 the amount of clay in the land had diminished to such an extent as to make that business unprofitable.  In that year the premises were sold to Frank Gross, a wrecker and dealer in salvaged material, who subsequently conveyed the premises to the complainant, a corporation in which he owned all the stock. At the time of the sale to Gross there were on the land a few kilns, a roadway surfaced with brick, a railroad track for a short distance, some machinery, and a quantity of bricks both whole and in pieces.

By quitclaim deed dated July 17, 1943 which was duly recorded, the complainant sold the premises to Frank Tavares and wife.  The following stipulation, the meaning of which is in dispute in the instant cause, appears in this deed:  "Pawtucket Machinery & Supply Corporation expressly reserves to itself, its assigns and successors, for the period of one year from the day of the date of this Quitclaim Deed, the right and privilege to remove from the above-described premises all machinery, buildings, kilns and other property, and to go upon said premises, on foot or in vehicles, without any payment of rent, or any other payment whatsoever, to said Frank Tavares and wife Marguerite Tavares, their heirs, administrators, executors or assigns."

In 1945 the town of Barrington decided to buy the premises for drainage and possibly for park and recreational purposes.  Tavares rejected the town's first offer of $6000, claiming that the chattels and fixtures on the land belonged to him.  He finally sold the premises and everything thereon to the town for $7500.  The town admits that it had knowl-

edge of the stipulation in the deed from the plaintiff to the Tavares.

The evidence is clear that the complainant removed various items of property from the premises for some months after the conveyance to the Tavares, and that it did nothing more in that respect until the town, desiring to clear the site, began to advertise the sale of all chattels and fixtures on the premises, when the present suit was instituted. It further clearly appears that the Tavares removed different items of property from the premises almost up to the very day of the conveyance to the town. There is some testimony from Gross and from Frank Tavares to the effect that, a considerable time after the expiration of the one-year period mentioned in the stipulation, Gross gave the Tavares some lumber, which the former had in the town of Tiverton, as payment of rent for the renewal and apparently unlimited extension of the stipulation. The town had no notice of such understanding.

The complainant contends that the stipulation was in law a reservation of title in and to the chattels and fixtures on the land for the time therein specified, or any extension thereof, and that, therefore, it was entitled to such property as against the respondent, since the latter bought the land with notice of the stipulation. We do not agree with this contention.

The cardinal rule in the construction of a written instrument is to read its language in connection with the relative position and general purpose of the parties and to gather from it, if one can, their intent as to the particular matter in dispute. In other words, in construing a written instrument the object sought is to ascertain and give effect, in so far as the rules of law will permit, to the intention of the parties. *Sullivan* v. *Rhode Island Hospital Trust Co.*, 56 R. I. 253; *Co-operative Building Bank* v. *Hawkins*, 30 R. I. 171, 181; *Tillinghast* v. *Fry*, 1 R. I. 53, 57. The intention sought is only that expressed in the instrument

and not some undisclosed intention that the parties may have had in mind.

■■ The stipulation that the complainant construes as an absolute reservation of title was no more than an agreement between the parties, reserving to complainant for one year a right to sever from the real estate the chattels thus generally described in the stipulation, and time was of the essence of the agreement. Under that agreement the complainant, for a period of one year, might freely enter upon the land and remove therefrom, at its choice, any of the items hereinbefore mentioned. In substance, the stipulation was only a license that authorized the complainant to do a certain act or series of acts upon the land for a limited time without possessing any vested interest in the land or in the chattels and fixtures thereon. The alleged understanding between the complainant and the Tavares to revive such a license long after its expiration was without binding force upon the town, as it had no notice of any such understanding.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William R. Goldberg,* for complainant.

*Lester S. Walling,* for respondents.